(C.D. 3760)

CHADWICK-MILLER IMPORTERS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 2, 1969)

*Barnes, Richardson & Colburn* for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: The above case has been submitted on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States as follows:

1. That the merchandise marked "A" and initialed NMG (Import Specialist's Initials) by Import Specialist Norman M. Guillow (Import Specialist's Name) on the invoice covered by the above-entitled protest, was assessed with duty at the rate of 13¾% ad valorem under Par. 353, Tariff Act of 1930, and is claimed to be properly dutiable at the rate of 10½% ad valorem under Par. 353, Tariff Act of 1930, as modified by T.D. 54108.

2. That the merchandise at issue consists of battery operated electric blinking lanterns which operate only in a blinking manner, and do not cast a continuous beam of light. Said lanterns are used as signalling devices at night as a means of giving a visual warning, or as an indication of the presence of an existing danger.

IT IS FURTHER STIPULATED AND AGREED that said protests be submitted on this stipulation, the protest being limited to the merchandise marked "A" as aforesaid.

Accepting the foregoing stipulation of fact, we find and hold that the items of merchandise marked "A" and initialed on the invoice by the designated import specialist are properly dutiable as signaling devices at the rate of 10½ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled.

Judgment will be entered accordingly.